WALLACE, JUDGE:
Claimant seeks damages and attorney fees from the respondent for breach of contract.
The claimant, after graduation from the College of Law at West Virginia University in May 1980, was interviewed for the position of Attorney for Students at the University. Of those interviewed, he was ranked second. The first choice accepted the position. The claimant then accepted a position with the Legal Services Plan in Beckley, West Virginia. In September 1980, the position of Attorney for Students became vacant, and Edmund Podeszwa of the Office of Personnel at West Virginia' University wrote the claimant advising him of the vacancy and asked if he wanted to apply for the position. The claimant advised that he was interested and was interviewed in Morgantown on September 25, 1980. After all interviews were completed, the claimant, on October *272 1, 1980, was offered the job at an annual salary of $16,776.00, which was accepted by claimant, and by agreement, he was to start work on October 20, 1980. After accepting the employment, the claimant resigned from his position with Legal Services Plan, cancelled his lease on his apartment in Beckley, and made preparations to move to Morgantown.
On October 7, 1980, the claimant was notified by Mr. Podeszwa that the employment offer was withdrawn because the University had made a mistake concerning the affirmative action policy in their hiring policy.
The claimant was unable to return to his job with Legal Services, and since he had no employment, he ar.d his wife returned to Morgantown where he entered the private practice of law.
The position as Attorney for Students was not filled, and the University again sought applicants. The claimant was again offered the job on February 18, 1981, but declined the employment because he had accepted the position as Assistant Prosecuting Attorney of Mason County, West' Virginia at a salary of $14,300.00.
The claimant contends in his complaint that he had a valid contract with the University which was breached; that the salary agreed upon was annual and, therefore, he was employed at least for a year. He seeks, as a part of his damages, attorney fees and travel expenses. Mr. Podeszwa testified that travel expenses to Morgantown were not to be paid by the University, which was confirmed in claimant’s testimony. Mr. Podeszwa also testified that the first six months are considered as a probationary period of employment.
There is no dispute of the facts in this claim. While it appears that the respondent did breach the contract which it made with the claimant, there is no evidence that the claimant sustained damage for reason of the breach inasmuch as his employment could have been terminated at any time during his probationary period. Accordingly, the Court is disposed to make an award in the sum of $500.00.
Award of $500.00.